**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| JOHN BARNES,<br><br>   Plaintiff,<br><br>v.<br><br>LAS VEGAS METROPOLITIAN POLICE DEPARTMENT DETENTION SERVICE DIVISION, et al.,<br><br>   Defendants. | Case No.: 2:18-cv-00168-RFB-EJY<br><br>**ORDER** |

This action began with a *pro se* civil rights complaint filed by Plaintiff John Barnes pursuant to 42 U.S.C. § 1983. ECF No. 1-1. On August 4, 2019, Plaintiff filed an amended complaint. ECF No. 29. On April 15, 2020, Defendants filed a Motion for Summary Judgment and Plaintiff failed to respond. ECF No. 37. On October 12, 2020, this Court ordered Defendants to provide Plaintiff with a copy of the motion for summary judgment because he may not have received it; the Court also ordered Plaintiff to file a response 30 days after receipt of the motion ECF No. 40. On October 14, 2020, Defendants filed a notice of compliance with the Order. ECF No. 41. On November 16, 2020, Plaintiff filed a motion for a 60-day extension of time to file a response. ECF No. 42. On January 13, 2021, this Court denied the extension and ordered Plaintiff to file a response by February 13, 2021. ECF No. 43. Plaintiff has not filed a response to the motion for the summary judgment.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)  (affirming dismissal for failure to comply with an order requiring

1

amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, the Court gave Plaintiff numerous opportunities to respond to the motion and although the Court finds dismissal is warranted due to lack of prosecution, this Court permits Plaintiff to file a motion to reopen the action by showing good cause as to why Plaintiff missed the February 13, 2021 filing deadline.

/

/

/

/

/

1    **IT IS THEREFORE ORDERED** that this action is dismissed without prejudice based on Plaintiff's failure to file a response in compliance with this Court's January 13, 2021 Order.

**IT IS FURTHER ORDERED** that Plaintiff may move to reopen this case and vacate the judgment by filing a motion for reconsideration of this order. In this motion, the Plaintiff would need to explain that circumstances which led to him not being able to respond to the Motion for Summary Judgement. If the Court finds there is good cause or a reasonable explanation for the failure to respond, the Court will reopen the case and vacate the judgment.

The Clerk of the Court is instructed to enter judgment accordingly and close this case. The Clerk of the Court is instructed to send Plaintiff a copy of this order.

DATED: March 31, 2021.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**